IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS A. BAILEY PARKS        *
          Plaintiff,
      v.                *    CIVIL ACTION NO. CCB-05-1711

THE COMMISSIONER OF THE    *
  U.S. PAROLE COMMISSION
CRANSTON J. MITCHELL       *
LYNNE E. JENKINS
DAVID WILLIAMS           *
JOHN R. SIMPSON
            Defendants.    *
                   ******

**<u>MEMORANDUM</u>**

Carlos Bailey Parks is a prisoner presently incarcerated at the Arthur Kill Correctional Facility in Staten Island, New York under the custody of the New York State Department of Correctional Services.  On June 23, 2005, the Clerk received for filing this civil rights complaint which seeks to compel an immediate parole revocation hearing. Paper No. 1.   Parks states that the U.S. "Probation" Commission issued a detainer, but asserts that the detainer warrant was premature and was issued despite the Commission's failure to fully and fairly consider unspecified factors. *Id*. He further complains that it has been six years since his state conviction, yet his federal revocation hearing has not occurred. *Id*.  Finally, Parks seemingly asserts that due to a legal settlement in a case involving allegations of racial profiling and brutality, "this [state] conviction and judgment will be expunged and dismissed.  This warrant should also have been dismissed because of the settlement." *Id*.   To fully comprehend the relevant background of Parks's federal and state criminal and parole history, the court has examined his federal complaint history.  A discussion of extracted facts pertinent to this case follows.

I.      Factual Background

Parks is a federal parolee currently confined on a state conviction.   On September 14, 1989,

he pleaded guilty in the United States District Court for the Eastern District of New York to

conspiracy and to assaulting a person having charge of a mail matter.   *See Parks v. United States*

*Probation Dep't., et al*, 03-CV-4720 & 03-CV-4103 (E.D. N.Y.   2003).[1]   He was sentenced to

concurrent four-year terms as to each count, to run consecutive with a federal sentence that Parks

was previously serving.   *Id.*   In December, 1999, after his release from federal prison and while he

was still on probation supervised by the United States Department of Probation, Parks was arrested

by state authorities in Brooklyn, New York.   *Id.*   As a result of his arrest, the United States Parole

Commission issued a parole violation warrant.   *Id.*   Based on that warrant, the United States Marshal

lodged a detainer against Parks on December 16, 1999.   *Id.*

On May 18, 2000, Parks entered a guilty plea to attempted criminal possession of a weapon

in the third degree in the New York Supreme Court, Kings County.   *See Parks v. Hollins*, No. 00-

CV-4587 and *Parks v. Perlman*, 03cv805 (E.D. N.Y. 2003).   He was originally sentenced to five

years to life, but the sentence was reduced to four years to life on March 11, 2002.   *Id.*

According to federal court records, in July, 2002, plaintiff filed a petition for writ of

mandamus in the federal courthouse in New York, seeking to order the United States Department

of Probation to remove the detainer and to vacate the parole warrant.   *See Parks v. United States*

*Probation Dep't.*, 02-CV-4506 (E.D. N.Y. 2002).   On September 19, 2002, Judge John Gleeson of

the United States District Court for the Eastern District of New York denied the petition, noting that

---

[1]      All federal court cases referenced in the body of this decision have been pulled from the PACER federal court case docket.

as the violation warrant had been issued and lodged, but not executed, there was no due process requirement that Parks receive an immediate hearing.  *Id*.  The petition was dismissed without prejudice "[subject to] renewal after the completion of petitioner's pending sentence."  *Id*.

Federal court papers examined by the undersigned show that Parks remains in the custody of the New York State Department of Correctional Services on his 2000 conviction and four years to life sentence.  On November 12, 2003, the New York State Division of Parole denied him "discretionary release," based upon: (i) his refusal to appear before the Division of Parole; (ii) his prison disciplinary reports; and (iii) his "involved and serious" criminal history.  *Parks v. Pataki*, 03-CV-6234 (E.D. N.Y. 2003).  Parks was denied state parole and scheduled for further review in October, 2005.  *Id*., Compl. at Ex. A

II.     Analysis

Although filed as a civil rights action, Parks's case plainly seeks to compel the United States Parole Commission to hold a parole revocation hearing and to remove or vacate his detainer warrant. Consequently, his cause of action shall be construed as a petition for writ of mandamus, filed pursuant to 28 U.S.C. § 1361.  *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003); *Heath v. United States Parole Commission*, 788 F.2d 85, 89 (2[d] Cir. 1986).  Under § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  Actions in the nature of mandamus are appropriate vehicles for federal prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials.  *Holmes v. United States Board of Parole*, 541 F.2d 1243, 1249 (7th Cir. 1976).

3

In order to meet the requirements for mandamus relief, the movant must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.[2]  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  *National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975).  A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

The court finds that Parks has failed to meet the above established criteria for the issuance of mandamus relief.  He has not shown that he has a constitutional or statutory right to the relief he seeks or that the United States Parole Commission has a clear ministerial duty to hold the revocation hearing before Parks has completed his New York state conviction.

As correctly noted by Judge Gleeson, Parks is not entitled to a prompt parole revocation hearing where the federal parole violation warrant is simply filed as a detainer at the institution where he is being held pursuant to a state conviction.  In *Moody v. Daggett*, 429 U.S. 78 (1976), the Supreme Court held that a federal parolee serving an independent intervening sentence in the same jurisdiction has no constitutional right to a prompt revocation hearing. The Court expressly reserved

---

[2]     Mandamus most commonly lies to compel performance of "a clear nondiscretionary duty," and is an extraordinary remedy that typically should not be invoked if other avenues of relief exist. *See*, e.g., *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

the question whether the result would be different had the federal parole violator warrant been lodged as a detainer with state prison authorities.  *Id*. at 88.   Subsequent lower court decisions have extended *Moody* to these circumstances. *See, e.g.*, *Kenner v. T.C. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981); *U.S. ex rel. Caruso v. U.S. Bd. of Parole*, 570 F.2d 1150, 1154-55 (3[d] Cir. 1978); *Deveny v. United States Bd. of Parole*, 565 F.2d 875, 876 (5th Cir. 1978); *United States ex rel. Hahn v. Revis*, 560 F.2d 264, 265-66 (7th Cir. 1977); *Hicks v. United States Bd. of Paroles and Pardons*, 550 F.2d 401, 403-04 (8th Cir. 1977); *Larson v. McKenzie*, 554 F.2d 131, 132-33 (4th Cir. 1977) (state parole violator warrant lodged as a detainer with prison officials of another state).   These cases reason persuasively, as the Supreme Court did in *Moody*, that the lodging of the detainer has no present or immediate effect upon protected liberty interests, since the detainer "did no more than express the [Commission's] intent to defer consideration of parole revocation to a later time." *Moody*, 429 U.S. at 86.

The parole violation warrant issued against Parks was apparently never executed, but lodged instead as a detainer.  Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant.  *See Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 848 (9th Cir. 1983); *Cook v. United States Attorney General*, 488 F.2d 667, 671 (5th Cir. 1974). Because Parks is not entitled to a hearing prior to the execution of the warrant or to compelled execution of the warrant, he suffered no deprivation of due process from the United States Parole Commission's failure to take such action.  *Moody*, 429 U.S. at 86.  It is clear from *Moody* that a federal parolee, when convicted of and imprisoned for another crime committed while on parole, has no right to a prompt revocation hearing upon the issuance of a parole violator warrant based on that crime.  There is "no constitutional duty to provide [a parolee] an adversary parole hearing until

he is taken into custody as a parole violator by execution of [a] warrant." *Id*. at 89; *Larson v. McKenzie*, 554 F.2d at 132-33; *Gaddy v. Michael*, 519 F.2d 669, 677 (4th Cir. 1975).  For these reasons a separate Order shall be entered dismissing this cause of action without prejudice.


Date: August 8, 2005                                        /s/ _____
                                                                        Catherine C. Blake
                                                                        United States District Judge

6